PENN GENERAL CASUALTY CO. *v.* PENNSYLVANIA EX REL. SCHNADER, ATTORNEY GENERAL.

No. 431. Argued January 11, 14, 1935.—Decided February 4, 1935.

190

*Mr. Joseph W. Henderson*, with whom *Messrs. Thomas F. Mount* and *George M. Brodhead, Jr.*, were on the brief, for petitioner.

*Mr. Wm. A. Schnader*, Attorney General of Pennsylvania, with whom *Mr. Harold D. Saylor*, Deputy Attorney General, was on the brief, for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here on certiorari, directed to the Supreme Court of Pennsylvania, to resolve questions of public importance growing out of the conflicting claims, of the federal district court and of the Insurance Commis-

sioner of the Commonwealth of Pennsylvania, to jurisdiction over the liquidation of the business and affairs of appellant, an insolvent Pennsylvania insurance corporation.

The case was heard in the state supreme court upon an agreed statement of facts, deemed "necessary to a determination of the question involved in the appeal," which was filed in the state trial court. It purports to outline the substance of proceedings had in that court and in the federal district court. The question is stated to be whether the state court, " in view of the prior pendency of the suit . . . in the Federal court, had jurisdiction to enter the decree from which this appeal is taken." The records of the pleadings and proceedings in those courts are not included in the record and are not before us.

Appellant was organized under the Insurance Company Law of May 17, 1921, P. L. 682. On September 14, 1933, appellant's officers and directors appeared at a hearing before the Insurance Commissioner at which the president of the company was ordered to return to it assets which he had improperly withdrawn from the company, with consequent serious impairment of its financial condition. On October 14, 1933, a further hearing was held before the Attorney General of the state, at which it appeared that the company was in an unsafe and unsound condition.

On November 17, 1933, a shareholder of the insurance company filed his bill of complaint against the company in the district court for eastern Pennsylvania. At this time negotiations, conducted by the Commissioner with the stockholders of the company, for its rehabilitation were pending. The complaint alleged that the stockholder was a resident of West Virginia; that the requisite jurisdictional amount was involved; that officers of the company had misappropriated and wasted its assets; that

the company was insolvent and in a financially unsafe and unsound condition. The bill prayed the appointment of receivers, the liquidation of its property and business, and the usual injunction. Upon the filing of the bill, subpoena was issued and was served on the corporation on November 22, 1933.

On December 8, 1933, while the suit in the district court was pending, the Attorney General of the state, acting pursuant to § 502 of the Insurance Department Act of May 17, 1921, P. L. 789, filed a suggestion with the Court of Common Pleas of Dauphin County, alleging that the company was in a financially unsound condition; that the conduct of its business would be detrimental and hazardous to its policyholders, creditors and the public; that certain officers of the company had made illegal investments of the funds of the company and had appropriated to their own use other assets of the company. He prayed for an order, that the defendant show cause why the business of the company should not be closed, its charter vacated, and its assets taken into possession of the Insurance Commissioner for liquidation under his direction, and for an injunction. On the same day the Court of Common Pleas granted the order to show cause and enjoined the company from transacting any business and from disposing of its property until further order of the court. The order to show cause was served upon the company on December 11, 1933.

On December 14, 1933, the company filed an answer in the suit pending before the federal district court, substantially admitting the alleged withdrawal of assets and illegal investment, and denying the other allegations of the complaint, and alleging the pendency of the proceedings in the Court of Common Pleas.

On the same day the Court of Common Pleas entered a further order restraining the company and its officers or agents from transacting any business and from dis-

posing of its property and restraining all persons other than the Insurance Commissioner and his agents from taking possession of it. On the following day the federal district court entered an order which recited the pendency of the proceedings in the Court of Common Pleas and restrained the company and its officers or agents from permitting anyone to receive or take possession of its property and enjoining all persons from interfering with it in any way. On that day both the last mentioned restraining order of the Court of Common Pleas and that of the federal district court were served on the company.

After further proceedings the Court of Common Pleas entered its final decree, March 14, 1934, that the company be dissolved and directing the acting Insurance Commissioner to take possession of and to liquidate the business and property of the casualty company in accordance with the provisions of the state Insurance Department Act. No final hearing has been held and no receiver has been appointed in the suit pending in the district court, but because of the restraining order of that court the company has refused to comply with the demand of the Commissioner for the surrender of its property in conformity with the decree of the state court.

On appeal from the Court of Common Pleas, the state supreme court treated the case as one involving only a conflict of jurisdiction between the state court and the federal court. It viewed the comprehensive statutory scheme of the Commonwealth for liquidating insurance companies by the Insurance Commission as binding on the company and its shareholder. It therefore thought that there could be no controversy between them which would be a proper subject of suit in the federal courts and that this was sufficient to preclude the exercise of jurisdiction of the federal court. It accordingly affirmed the decree. 316 Pa. 1; 173 Atl. 637.

The state court and the federal court have thus reached an impasse: each asserts the right to exercise its jurisdiction with respect to substantially the same subject matter, the liquidation of the business and assets of the insolvent corporation; each asserts its authority to enjoin interference, by the state officer on the one hand, and by any person except the state officer on the other; and each is unable to perform its function without acquiring possession and control of the property. In the state of the record before us, we confine our review to the single question of this conflict of jurisdiction considered and decided by the state court.

Section 502 of the Insurance Department Act authorizes the Commissioner to liquidate an insurance company when its condition is such that further transaction of its business will be hazardous; such liquidation is permitted only on an order or decree of the Court of Common Pleas, granted on application of the Attorney General of the state. Upon such application the court is authorized by § 505 to enjoin the company from transacting any business and from disposing of its property, and after a hearing to direct the Insurance Commissioner to take possession of the property and to liquidate it pursuant to the statute. By §§ 506, 507, the order of the court vests the Commissioner with the title to the property and supersedes the authority of any receiver appointed by any other state court.

It is plain that the state court, in the absence of the suit pending in the district court, would have acquired jurisdiction to proceed with the cause and to grant the relief sought. But the question now presented is whether its authority to proceed is affected by the pendency of the suit in the district court, which the state supreme court, on the record before it, treated as exercising a conflicting jurisdiction. The federal question, reviewable on appeal, is whether the state court has given proper effect to the

proceedings and the order of the federal court. *Buck* v. *Colbath,* 3 Wall. 334, 340; *Crescent City Live Stock Co.* v. *Butchers' Union Slaughter-House Co.,* 120 U. S. 141, 142; *Moran* v. *Sturges,* 154 U. S. 256, 267; *Central National Bank* v. *Stevens,* 169 U. S. 432, 456; *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. Co.,* 177 U. S. 51; *Wabash R. Co.* v. *Adelbert College,* 208 U. S. 38, 44, 54.

Where the judgment sought is strictly *in personam,* for the recovery of money or for an injunction compelling or restraining action by the defendant, both a state court and a federal court having concurrent jurisdiction may proceed with the litigation, at least until judgment is obtained in one court which may be set up as *res adjudicata* in the other. See *Buck* v. *Colbath, supra,* 342; *Kline* v. *Burke Construction Co.,* 260 U. S. 226, and cases cited at pages 230–231. But if the two suits are *in rem* or quasi *in rem,* requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, see *Peck* v. *Jenness,* 7 How. 612, 625; *Taylor* v. *Carryl,* 20 How. 583, 595; *Freeman* v. *Howe,* 24 How. 450, 459; *Buck* v. *Colbath, ·supra,* 341; *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. Co., supra,* 61, and to protect the judicial processes of the court first assuming jurisdiction, *Wabash R. Co.* v. *Adelbert College, supra,* 54; *Palmer* v. *Texas,* 212 U. S. 118, 129, 130, the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other. This is the settled rule with respect to suits in equity for the control by receivership of the assets of an insolvent corporation. *Leadville Coal*

196

*Co.* v. *McCreery,* 141 U. S. 475, 477; *Porter* v. *Sabin,* 149 U. S. 473, 480; *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. Co., supra; Wabash R. Co.* v. *Adelbert College, supra; Palmer* v. *Texas, supra; Lion Bonding & Surety Co.* v. *Karatz,* 262 U. S. 77, 88, 89; *Harkin* v. *Brundage,* 276 U. S. 36.

Where the assertion of jurisdiction by the two courts is nearly simultaneous, it becomes important, as in the present case, to determine the precise time when the jurisdiction attaches. If the two suits do not have substantially the same purpose, and thus the jurisdiction of the two courts may not be said to be strictly concurrent, and if neither court can act effectively without acquiring possession and control of the property *pendente lite,* the time of acquiring actual possession may perhaps be the decisive factor. Compare *Moran* v. *Sturges, supra,* 284; *Harkin* v. *Brundage, supra,* 43. But when the two suits have substantially the same purpose and the jurisdiction of the courts is concurrent, that one whose jurisdiction and process are first invoked by the filing of the bill is treated as in constructive possession of the property, and as authorized to proceed with the cause. *Harkin* v. *Brundage, supra,* 43–45. Jurisdiction thus attaches upon the filing of the bill of complaint in court, at least where process subsequently issues in due course. *Palmer* v. *Texas, supra,* 129; *Farmers' Loan & Trust Co.* v. *Lake Street Elevated R. Co., supra,* 60; compare *Smith Purifier Co.* v. *McGroarty,* 136 U. S. 237, 240. The confusion and uncertainty are thus avoided which might otherwise result from the attempt to resolve the troublesome question of what constitutes actual possession and to determine priority of service of process in the two suits.

In the present case there are outstanding injunctions by both courts restraining any interference with the property in the hands of the insolvent corporation, and neither the Insurance Commissioner nor the district court has

taken possession. The suits relate to substantially the same subject matter. Each sought relief by injunction against creditors, marshalling and conservation of the corporate assets and their liquidation and distribution among the creditors and shareholders. The jurisdiction invoked by the two suits was concurrent, see *Harkin* v. *Brundage, supra,* 45, and since the bill was filed in the district court before the application of the Attorney General to the state court, the jurisdiction of the district court first attached; it has asserted this jurisdiction by its injunction order. Hence, it alone can rightfully assert control over the property and proceed with litigation which affects that control, *Palmer* v. *Texas, supra,* 129, 130; *Wabash R. Co.* v. *Adelbert College, supra,* 54, and it alone can determine how far it will permit any other court to interfere. *People's Bank* v. *Calhoun,* 102 U. S. 256, 262; see *Riggs* v. *Johnson County,* 6 Wall. 166. Its authority as a federal court to entertain the suit is not restricted by the procedure established by local statutes for the liquidation of insurance companies. The jurisdiction conferred on the district courts by the Constitution and laws of the United States cannot be affected by state legislation. See No. 394, *Pennsylvania* v. *Williams,* decided this day, *ante,* p. 176.

Although the district court has thus acquired jurisdiction, the end sought by the litigation in the state court is the liquidation of a domestic insurance company by a state officer. In the absence of a showing that the interests of creditors and shareholders would not be adequately protected by this procedure, the case was a proper one for the district court, in the exercise of judicial discretion, to relinquish the jurisdiction in favor of the administration by the state officer. See No. 394, *Pennsylvania* v. *Williams, supra.*

The authority of the Insurance Commissioner to proceed with the liquidation under state law, it is true, rests on the decree of the state court entered after the district

court had acquired jurisdiction. But even though the jurisdiction of the district court had attached, the state court was not without power to designate the Insurance Commissioner as the vehicle of the state authority to control the property whenever that could lawfully be done. While it is often said that of two courts having concurrent jurisdiction *in rem*, that one first taking possession acquires exclusive jurisdiction, see *Peck* v. *Jenness, supra,* 624, 625; *Wabash R. Co.* v. *Adelbert College, supra,* 54; *Harkin* v. *Brundage, supra,* 43, it is exclusive only so far as its exercise is necessary for the appropriate control and disposition of the property. The jurisdiction does not extend beyond the purpose for which it is allowed, to enable the court to exercise it appropriately and to avoid unseemly conflicts. See *Leadville Coal Co.* v. *McCreery, supra,* 477. The other court does not thereby lose its power to make orders which do not conflict with the authority of the court having jurisdiction over the control and disposition of the property. *Yonley* v. *Lavender,* 21 Wall. 276; *Heidritter* v. *Elizabeth Oil-Cloth Co.,* 112 U. S. 294, 304; *Byers* v. *McAuley,* 149 U. S. 608. If it has appointed a receiver, it may and should give him directions for the surrender of the property to the court having prior jurisdiction, or it may make suitable orders permitting him to take possession and proceed with the liquidation when the court having jurisdiction over the property relinquishes it. See *Harkin* v. *Brundage, supra,* 57. The confirmation by the Court of Common Pleas of the right of the Insurance Commissioner to liquidate the company did not infringe the authority of the district court to make appropriate disposition of the property. But it did confer on the Commissioner the requisite authority to ask the district court to relinquish its jurisdiction in favor of the state administration.

Since the district court had first acquired jurisdiction to liquidate the property of the insurance company, and ·

had authority to proceed with the cause for that purpose, the supreme court of the commonwealth erred in affirming so much of the decree of the Court of Common Pleas as directed the Insurance Commissioner to take possession of the business and property of the company, and so far as it affirmed the order of that court which enjoined the company from surrendering its books, records and assets to any person other than the Commissioner, and enjoined others from taking possession of them. The decree must accordingly be reversed and the cause remanded for further proceedings not inconsistent with this opinion, but without prejudice to an application by the Commissioner to the district court for an order relinquishing its jurisdiction over the property of the company and vacating its injunction against surrender of it to the Commissioner for liquidation under the Insurance Department Law of the state. See No. 394, *Pennsylvania* v. *Williams*, *supra*.

*Reversed.*