BULLDOG ELECTRIC PRODUCTS CO. v. COLE ELECTRIC PRODUCTS CO., Inc., et al.

Civil Action No. 2726.

District Court, E. D. New York.

Oct. 3, 1944.

See also 50 F.Supp. 833.

Morris Hirsch and Dean. Fairbank & Hirsch, all of New York City (Daniel G. Cullen, of Detroit, Mich., of counsel), for plaintiff.

Thomas J. Byrne and Cooper, Kerr & Dunham, all of New York City (Thomas J. Byrne and Victor S. Beam, both of New York City, of counsel), for defendant Westinghouse Electric & Mfg. Co.

Levisohn, Niner & Levisohn, of New York City, for defendant Cole Electric Products Co., Inc.

MOSCOWITZ, District Judge.

The Bulldog Electric Products Company, hereinafter referred to as Bulldog, the plaintiff herein, has made a motion to obtain a temporary stay of all further action with respect to the counterclaim of the defendant, Westinghouse Electric and Manufacturing Company, hereinafter referred to as Westinghouse, and particularly for a stay on the motion of Westinghouse for summary judgment on its counterclaim.

The defendant Westinghouse has moved for summary judgment under its counterclaim for declaratory judgment that plaintiff's United States patent No. 2,285,770 is not infringed by Westinghouse and is invalid.

This action was brought in May, 1942, for the infringement of the following patents: Nos. 2,041,675, 2,059,986, 2,059,988, Reissue No. 20,436, 2,230,423, 2,251,403, 2,251,404, 2,264,075, which relate to bus duct equipment, and No. 2,103,325 for panel board. The defendant, Cole Electric Products Co., Inc., served its answer in May, 1943. Westinghouse's answer and counterclaim were served on December 15, 1943. Plaintiff replied to the counterclaim on June 7, 1944.

Westinghouse commenced an action in the United States District Court for the Northern District of West Virginia on November 13, 1943. That action was brought for infringement of the following United States patents: Reissue No. 19,987, Reissue No. 21,429, No. 1,779,848, No. 2,060,472, 2,073,103, 2,190,517, 2,229,412 and 2,329,362, which relate to circuit breakers and panel circuit breaker. Bulldog's answer was filed in that action on or about July 1, 1944. The answer includes a counterclaim relating to patent No. 2,285,770. This patent is the subject matter of the counterclaim in the action at bar.

Plaintiff requests that this' action be stayed pending an application in the West Virginia action to enjoin the defendant from proceeding under its counterclaim.

It is the law that the court which first acquires jurisdiction of an equitable action shall retain it and determine the issue. Upon the argument of this motion the Court suggested that either this action or the West Virginia action should be tried and that the time of two judges should not be taken up. Plaintiff offered to stipulate that Westinghouse choose the forum, whether in New York or in West Virginia, for trying the entire circuit breaker controversy. Westinghouse up to the present time has refused to avail itself of this offer.

I think the disposition of this offer should be reconsidered by Westinghouse. It would seem to serve no useful purpose to have two trials. While the Court's sympathies are with the plaintiff upon this application, the law seems to be with the defendant. This action having been begun prior to the West Virginia action, the motion is denied. See Milwaukee Gas Specialty Company v. Mercoid Corporation, 7 Cir., 104 F.2d 589; Penn General Casualty Company v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850.

Settle order on notice.