■ THE PEOPLE OF THE STATE OF NEW YORK v. THOMAS GRANT.— Motion for an enlargement of time granted and the time within which to notice the appeal for argument is enlarged to the February Term of this court, said appeal to be argued or submitted when reached. Concur — Valente, J. P., McNally, Stevens, Eager and Bergan, JJ.

## (January 9, 1961)

■ ESTELA B. SANGUINETTI v. ALBERTO A. SANGUINETTI.— Application for a final order dismissing the appeals herein denied upon the conditions set forth in the order filed herewith. The appeals are set down for argument or submission during the February 1961 Term. Notice of argument is to be served and filed on or before January 12, 1961. Respondent's points are to be served and filed on or before January 27, 1961 and reply points, if any, by February 2, 1961. Concur — Rabin, J. P., Valente, McNally, Stevens and Eager, JJ.

## (January 10, 1961)

■ ROSALIE DONNELLY et al., Appellants, v. NEW YORK CITY TRANSIT AUTHORITY, Respondent.— Order, entered on September 8, 1960, denying plaintiffs' motion for a reconsideration of the denial of their prior motion to vacate a judgment dismissing the complaint pursuant to rule 302 of the Rules of Civil Practice, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.

■ In the Matter of the Arbitration between UNION NEWS COMPANY, A DIVISION OF AMERICAN NEWS COMPANY, INC., Appellant, and RETAIL DRUG CIGAR SODA LUNCHEONETTE EMPLOYEES UNION, LOCAL 906, AFL–CIO, Respondent.— Order, entered on October 27, 1960, denying petitioner's motion for a permanent stay of arbitration, unanimously affirmed, with $20 costs and disbursements to the respondent. No opinion. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.

■ STAR CONSTRUCTION CORP., Respondent, v. ST. PAUL FIRE AND MARINE INSURANCE COMPANY et al., Appellants.— Order, entered on November 29, 1960, staying defendant Robertson Co. from taking depositions and taking any proceedings in an action pending in United States District Court for the Western District of Kentucky, unanimously reversed upon the law and upon the facts, with $20 costs and disbursements to the appellants, and the motion to stay proceedings is in all respects denied, with $10 costs. It is consistently held that, as a matter of law, a State court should not, in an action pending therein, stay or restrain a party therein from proceeding with or in an action in a Federal court (*Penn Co.* v. *Pennsylvania,* 294 U. S. 189, 195; *Princess Lida* v. *Thompson,* 305 U. S. 456, 465–466; *Beardslee* v. *Ingraham,* 183 N. Y. 411, 417; *Admiral Corp.* v. *Reines Distrs.,* 9 A D 2d 410, affd. 8 N Y 2d 773). Furthermore, under the circumstances here, it is very proper that the United States District Court action between the same parties should be tried before the trial of the action pending in this court. Concur — Botein, P. J., Valente, Stevens, Eager and Bergan, JJ.