Thomas A. Aurelio, J.
This is a motion brought on by an order to show cause dated January 3, 1961 returnable January 6,1961 for an order ‘ ‘ directing Abraham M. (Hickman, Escrowee, to deposit with the Clerk of this Court, 250,000 shares of the common stock of Doeskin Products, Inc. duly endorsed in blank by the registered owner or owners thereof with all proper Federal and State transfer tax stamps affixed thereto as required by law, or in lieu of such transfer tax stamps, sufficient funds for the purchase of such transfer tax stamps, and granting to the plaintiffs herein such other and further relief as may be just and proper in the premises ”. Pending the hearing and determination of this motion, the escrowee is ‘ restrained from transferring or otherwise surrendering his custody, possession or control of said 250,000 shares of stock of Doeskin Products, Inc. or any part thereof until further order of this Court ”.
*383 This is a consolidated derivative stockholders’ action. The first action was commenced in April, 1958 and was followed by two similar actions all of which have been consolidated and a general counsel appointed by an order of this court made on June 27, 1958. Three of the defendants have made an offer to settle the action and pursuant to the terms of the offer of settlement there were deposited with Abraham M. Gliekman, escrowee, 250,000 shares of the common stock of Doeskin Products, Inc., a defendant here and for whose benefit the action was brought, said Abraham M. Gliekman, also being the attorney for Doeskin Products, Inc.
Hearings were had before a Eeferee as to the advisability of the settlement. The Eeferee’s favorable report thereon is opposed. Decision on the Eeferee’s report has been withheld pursuant to a request by plaintiffs’ general counsel pending the outcome of an investigation by the United States Attorney for the Southern District of New York.
After the Eeferee’s report was filed and a hearing had thereon on October 5, 1960, another action entitled Ferguson v. Birrell (190 F. Supp. 506) was commenced on October 14, 1960 in the United States District Court for the Southern District of New York for substantially the same relief sought in this action. Thereafter, on motion of the plaintiffs in the other action, an order was signed on December 31,1960 in the Federal court by Judge Palmiebi directing ‘1 that Abraham Gliekman, Esq. deposit with the Clerk of the court forthwith and not later than January 6,1961 at 4 p.m. the certificates representing 250,000 shares of common stock of Doeskin Products, Inc., which he holds as escrowee, to be held by the Clerk in a file labeled 1 Abraham Gliekman, Esq. as escrowee ’; provided, however, that Abraham Gliekman may apply to this court for an appropriate modification of this order if he should receive directions from the New York State Supreme Court with respect to the aforementioned shares ”.
In the morning of January 3, 1961, the next court day, the order to show cause now before the court was signed unbeknown to the court and counsel that Judge Palmiebi had already made an order on December 31,1960 directing the escrowee to deposit to 250,000 shares with the Clerk of the United States District Court.
The action in this court was commenced in April, 1958, two and one-half years before the action in the United States District Court was commenced. Counsel for the plaintiff in the Ferguson v. Birrell (supra) action in the United States District Court appeared and participated in the hearings had before the *384 Referee in connection with the advisability of accepting the offer of compromise made herein.
In the interests of orderly procedure I conclude the holding in Penn Co. v. Pennsylvania (294 U. S. 189, 195 [1935]) should be followed here. Speaking for the court, Mr. Justice Stone said: “ To avoid unseemly and disastrous conflicts in the administration of our dual judicial system [citing cases], and to protect the judicial processes of the court first assuming jurisdiction [citing cases], the principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other.”
In addition, in the light of the provision contained in the order issued in the Federal jurisdiction dated December 31, 1960 “ that Abraham (Hickman may apply to this court for an appropriate modification of this order if he should receive directions from the New York State Supreme Court with respect to the aforementioned shares”, the doctrine above enunciated is particularly applicable. The application before the court is granted.