M. J. KAPUS, Plaintiff,

v.

WEISSER FINANCE, INC., a corporation, and First National Bank in Grand Forks as Administrator with the Will Annexed of the Estate of W. C. Weisser, Deceased, Defendants.

Civ. No. 4445.

United States District Court
D. North Dakota,
Northeastern Division.

May 20, 1969.

Arthur W. Stokes, of Stokes, Vaaler, Gillig, Warcup & Woutat, Grand Forks, N. D., for plaintiff.

Daniel S. Letnes, of Letnes, Murray & Marshall, Grand Forks, N. D., for defendants.

MEMORANDUM AND ORDER

RONALD N. DAVIES, District Judge.

The complaint herein filed April 1, 1969, discloses that on January 14, 1964, Weisser Finance, Inc. made, executed and delivered to the plaintiff a promissory note for $20,000.00, endorsed by W. C. Weisser personally, and that no part of the note has been paid. It is further alleged that W. C. Weisser is dead and the First National Bank in Grand Forks is the Administrator of his estate. The plaintiff seeks judgment, jointly and severally, against both defendants.

The defendants have moved to dismiss, contending that the issues presented here are also the subject matter of three separate, but related, actions presently pending in the courts of the State of North Dakota.

In support of the motion to dismiss defendants' counsel has submitted his affidavit, undisputed, which reveals:

"That W. C. Weisser died at Grand Forks, North Dakota, on August 11, 1968, and that after due and proper proceedings First National Bank in Grand Forks was appointed Adminis-

trator with the Will Annexed of said estate; that the Plaintiff has heretofore filed a claim against the W. C. Weisser Estate for the $20,000.00 principal claimed to be due and payable under the provisions of the promissory note described in the complaint in the above action; that said claim has been partially allowed by the representative of said estate and that hearing on said claim is scheduled for April 23, 1969, at 10:00 o'clock A.M.; * * *

"That heretofore and on November 10, 1968, First National Bank in Grand Forks was appointed Temporary Receiver of Weisser Finance Company, by change of name from Weisser Loan Inc., and sometimes known as Weisser Finance Inc., a North Dakota corporation, and that the Plaintiff has been notified by Certified Mail to file his claim against the assets of said insolvent corporation but has refused to or neglects to do so; that Plaintiff has objected to the appointment of the receiver and that he has taken an appeal to the North Dakota Supreme Court from an order denying his motion to set aside the Order appointing First National Bank in Grand Forks as Temporary Receiver; * * *

"That heretofore and on February 27, 1969, Plaintiff commenced an identical action on the same promissory note in the District Court of Grand Forks County, North Dakota, First Judicial District; * * * that an Answer, Counter-Claim and Reply have been filed in said action; * * *."

■ The general rule regarding the exercise of concurrent jurisdiction is set forth in Princess Lida of Thurn and Taxis v. Thompson, 305 U.S. 456, 466, 59 S.Ct. 275, 280, 83 L.Ed. 285:

"* * * for it is settled that where the judgment sought is strictly in personam, both the state court and the federal court, having concurrent jurisdiction, may proceed with the litigation at least until judgment is obtained in one of them which may be set up as res judicata in the other. On the other hand, if the two suits are in rem, or quasi in rem, so that the court, or its officer, has possession or must have control of the property which is the subject of the litigation in order to proceed with the cause and grant the relief sought the jurisdiction of the one court must yield to that of the other. We have said that the principle applicable to both federal and state courts that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other, is not restricted to cases where property has been actually seized under judicial process before a second suit is instituted, but applies as well where suits are brought to marshal assets, administer trusts, or liquidate estates, and in suits of a similar nature where, to give effect to its jurisdiction, the court must control the property. The doctrine is necessary to the harmonious cooperation of federal and state tribunals. *While it has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court,* this is not such a case. No question is presented in the federal court as to the right of any person to participate in the res or as to the quantum of his interest in it. The contentions are solely as to administration and restoration of corpus." (Emphasis supplied.)

Accord: Penn General Casualty Co. v. Pennsylvania, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850.

■ Jurisdiction in the instant action, being *in personam* and based on diversity of citizenship and amount in controversy, is, therefore, not defeated although plaintiff's action in the District Court of Grand Forks County, North Dakota, is identical as to subject matter, parties and relief sought. Nor is this Court's jurisdiction lost by the plaintiff filing a claim against the W. C. Weisser Estate based on the same promissory note

or by the State Court's appointment of a temporary receiver of Weisser Finance, Inc. Akin v. Louisiana National Bank of Baton Rouge, 322 F.2d 749 (5th Cir. 1963).

Why plaintiff originally chose the North Dakota State Court as his forum and later decided the United States District Court was more to his liking, or why, on the other hand, defendants chose to remain in State Court, is not clear, but since the plaintiff may reduce one of these actions to final judgment which may then be set up as *res judicata* in the other, the defendants' motion to dismiss must be and it is hereby denied.