William GASKIN, etc., et al., Plaintiffs,

v.

Kenneth R. HAND, Defendant.
(Two cases).

Civ. A. Nos. G–83–131, G–83–74.

United States District Court,
S.D. Texas,
Galveston Division.

April 21, 1983.

Frederick J. Bradford, McLeod, Alexander, Powel & Apffel, Galveston, Tex., for plaintiffs.

James A. Carmody, Chamberlain, Hrdlicka, White, Johnson & Williams, Houston, Tex., for defendant.

## ORDER

HUGH GIBSON, District Judge.

At an in-chambers conference on April 15, 1983, the Court heard argument regarding various motions in these cases. Of primary consideration to the Court was the propriety of the ex parte appointment of a receiver in civil action no. G–83–131.

This Court refused to appoint a receiver ex parte in action no. G–83–74, originally filed in this Court. Upon this Court's refusal to appoint a receiver ex parte in no. G–83–74, plaintiffs filed an action identical to no. G–83–74, in state court. While no. G–83–74 pended before this Court, the state court judge entered an order granting the ex parte application in the state court action. Thereafter, defendants removed the case from state court to this Court, where it became civil action no. G–83–131, resulting in two identical lawsuits on this Court's docket—one in which an ex parte application was refused, and another in which a receiver had been appointed ex parte.

A suit applying for the appointment of a receiver is an action *in rem,* which comes under the exclusive jurisdiction of the first court assuming jurisdiction over its property. *See Penn General Casualty Co. v. Pennsylvania,* 294 U.S. 189, 195, 55 S.Ct. 386, 389, 79 L.Ed. 850 (1935); 12 Wright & Miller, *Federal Practice & Procedure* § 2985, at 37 (1973). A court is deemed to have constructive possession of the property upon the commencement of the action or the filing of the complaint. *See United States v. Bank of New York Co.,* 296 U.S. 463, 477, 56 S.Ct. 343, 347, 80 L.Ed. 331 (1936); *Penn General Casualty, supra* 294 U.S. at 196, 55 S.Ct. at 389; *Blackhawk Heating & Plumbing Co. v. Geeslin,* 530 F.2d 154, 157–58 (7th Cir.1976); *Bryan v. Speakman,* 53 F.2d 463, 465–66 (5th Cir.1931); 1A Part 2 *Moore's Federal Practice* ¶ 0.215, at 2371–72 (1982). Under the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a complaint with the court." Fed.R.Civ.P. 3.

In light of these principles, the Court concludes that the state court was without jurisdiction to appoint a receiver in no. G–83–131. Moreover, even if jurisdiction existed, this Court, upon reconsideration of the record, finds that the ex parte appointment was not justified. Thus, the Court concludes that the receivership should be vacated.

Plaintiffs were offered the opportunity to present evidence relating to the receivership question at a noticed hearing. However, the parties agreed to the establishment of an escrow arrangement in lieu of any receivership.

Accordingly, it is ORDERED, ADJUDGED and DECREED that

1. the receivership appointed in civil action no. G–83–131 is VACATED;

2. the defendant is to submit an order agreed to by both parties, which shall establish the escrow arrangement proposed at this motion conference;

3. the statement of the receiver's services to date shall be presented and considered by the Court at a later date; and

4. the defendant's motion to transfer this case shall be considered by the Court at a later date.