UNITED STATES of America, Plaintiff,

v.

$22,155.00, MORE OR LESS, IN UNITED STATES CURRENCY, Defendant.

Civ. A. No. 6:93–0157.

United States District Court,
S.D. West Virginia,
Parkersburg Division.

May 14, 1993.

Betty A. Pullin, Asst. U.S. Atty., Charleston, WV, for plaintiff.

Robert K. Tebay, III, Lantz & Tebay, Parkersburg, WV, for defendant.

## MEMORANDUM OPINION AND ORDER

HADEN, Chief Judge.

Pending is the Defendant's motion to dismiss. Based on the Wood County Circuit Court's prior exclusive jurisdiction, the Court **GRANTS** the motion.

On August 5, 1992, Jeffrey Scott Carter was arrested for possession with intent to deliver marihuana. Following his arrest, Mr. Carter allegedly consented to search of his residence, at which time the Wood County Sheriff's Department seized $22,155 in United States currency. These proceeds were purportedly derived from marihuana sales.

In December, 1992, the state prosecuting attorney filed a civil forfeiture action in Wood County Circuit Court, pursuant to the West Virginia Contraband Forfeiture Act, W.Va.Code § 60A–7–701, et seq. In February, 1992, the United States filed the instant civil forfeiture action pursuant to 21 U.S.C. § 881(a)(6). Both actions seek forfeiture of the $22,500 seized from Mr. Carter's residence.

On March 4, 1992, the United States Marshal removed the subject currency from the Sheriff's Department pursuant to an arrest warrant. The currency remains in the Marshal's custody. On March 16, 1992 the state

court granted Jeffrey Carter's motion for summary judgment and ordered dismissal based on the State's failure to institute forfeiture within 90 days of the currency's seizure. W.Va.Code § 60A–7–704(c) and § 60A–7–705(a)(1), (4).

The state dismissal order directs the Sheriff's department to transfer the subject currency to attorney Robert Tebay, as trustee for Jeffrey Carter's *de facto* child.[1] The order provides in relevant part as follows:

> ... it is hereby ORDERED, that the sum of $22,155.00 in United States Currency and any accumulated interest ... be delivered to Robert K. Tebay, III as Trustee for Jennifer Hayes ... and that the Trustee administer the funds in accordance with the terms of the trust agreement, for the health, education and benefit of the minor child, and that this action be dismissed.

Because the Marshal seized the currency prior to entry of the dismissal order, the Sheriff's Department has been unable to deliver the currency to Mr. Tebay.

■ The Defendant claims this action should be dismissed since the state court assumed jurisdiction prior to the federal court. The United States claims the state court relinquished jurisdiction by dismissing the action, thereby allowing this Court to proceed with the federal claim.

In *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 55 S.Ct. 386, 79 L.Ed. 850 (1935), the Supreme Court outlined the doctrine of prior exclusive jurisdiction regarding dual judicial proceedings:

> ... if the two suits are *in rem* or quasi *in rem*, requiring that the court or its officer have possession or control of the property which is the subject of the suit in order to proceed with the cause and to grant the relief sought, the jurisdiction of one court must of necessity yield to that of the other. To avoid unseemly and disastrous conflicts in the administration of our dual judicial system, and to protect the judicial processes of the court first assuming jurisdiction ... the court first assuming jurisdiction

over the property may maintain and exercise that jurisdiction to the exclusion of the other. *Id.* at 195, 55 S.Ct. at 389.

The doctrine of prior exclusive jurisdiction is inapplicable in certain cases:

> ... [jurisdiction] is exclusive only so far as its exercise is necessary for the appropriate control and disposition of the property.... The other court does not thereby lose its power to make orders which do not conflict with the authority of the court having jurisdiction over the control and disposition of the property. *Id.* at 198, 55 S.Ct. at 390.

■ Based on *Penn General*, prior exclusive jurisdiction applies to *in rem* proceedings only. The Court notes that federal forfeitures under 21 U.S.C. § 881 are considered civil *in rem* actions. *United States v. Winston Salem/Forsyth County Bd. of Education*, 902 F.2d 267, 271 (4th Cir.1990). Similarly, the Court concludes that forfeitures under W.Va.Code § 60A–7–701, et seq., resemble civil *in rem* claims against the property itself, rather than criminal *in personam* actions against the property's owner. W.Va.Code § 60A–7–705(a)(1) ("forfeiture under this article shall be a civil proceeding"). The culpability of the actual owner is not directly in issue; the central question is whether the *property* derives from illegal drug transactions. W.Va.Code § 60A–7–703(a); See *United States v. Miscellaneous Jewelry*, 667 F.Supp. 232, 242 (D.Md.1987). The Court also notes that the Wood County action necessarily was *in rem*, since "control of the property" is needed to effectuate the Circuit Court's dismissal order. *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. at 195, 55 S.Ct. at 389; *United States v. $79,123.49 in United States Cash and Currency*, 830 F.2d 94, 98 (7th Cir.1987). The Sheriff's Department obviously cannot "deliver" the currency to Mr. Tebay without control of the funds.

In *United States v. $79,123.49 in United States Cash and Currency*, 830 F.2d 94 (7th Cir.1987), the Court addressed the concept of prior exclusive jurisdiction in a context simi-

---

1. In February, 1992, Jeffrey Carter and his wife created a trust for the benefit of their child, Jennifer Hayes.

lar to the pending action. In *$79,123.49*, a Wisconsin state court dismissed a state forfeiture claim for failure to comply with the time deadline for filing. The Judge directed the state to deposit the seized currency with the clerk of courts, and ordered the clerk to turn the money over to counsel for one of the claimants. *Id.* at 95. That order was stayed for a ten day period. One day after the stay was entered, the United States initiated a forfeiture action pursuant to 21 U.S.C. § 881(a)(6), and the United States Marshal took possession of the currency pursuant to a seizure warrant. *Id.* at 96. The state and federal actions both were *in rem* proceedings. *Id.* at 97.

In seeking the protection of federal jurisdiction, the United States claimed state court jurisdiction terminated when the stay order expired without an appeal from the State of Wisconsin. *Id.* at 98. The Seventh Circuit disagreed:

. Apparently, the United States believes that Wisconsin circuit courts lose their jurisdiction once a stay pending appeal expires, even though the underlying order has not been executed.... [W]hen one considers that the government's theory would leave the circuit courts powerless to enforce final orders that are not appealed, its absurdity becomes manifest. Even accepting it as correct, however, the federal seizure would still be invalid. It took place on December 17, 1985, only one day after the state court ordered the return of the money. At that time, the clerk of courts had possession of the money and Judge Frankel's stay order remained in effect. Under even the most restrictive view of the circuit court's powers, therefore, it maintained jurisdiction over the property at the time of the seizure. *Id.* at 98.

Applying the *$79,123.49* decision to the pending action, this Court concludes that the Wood County Circuit Court retains exclusive jurisdiction. The United States Marshal seized the subject currency prior to dismissal of the state action. That seizure prevented the Sheriff from complying with the dismissal order and delivering the currency to Mr. Tebay. Because the dismissal order remains unexecuted, state jurisdiction has not yet terminated. This Court is unwilling to assume jurisdiction and thus render the state court "powerless" to enforce its final order. Such action would violate *Penn General*'s goal of avoiding "unseemly and disastrous conflicts in the administration of our dual judicial system."

Accordingly the Court GRANTS the Defendant's motion to dismiss and ORDERS the United States Marshal to return the subject currency to the Wood County Sheriff's Department.