DECISION AND JUDGMENT ENTRY
This case is before the court on appeal from a judgment of the Bowling Green Municipal Court finding that it lacked jurisdiction over appellant's motion for the return of unlawfully seized property, initially made pursuant to R.C. 2925.45. R.C. 2925.43 et seq. applies to property seized by law enforcement agents that constitutes or is derived from proceeds directly or indirectly gained from the commission of an act that could be prosecuted as a felony drug abuse offense. R.C. 2925.43(A)(1).
On June 2, 1999, the Ohio State Highway Patrol stopped a motor vehicle operated by Valissha McCoy, but owned by appellant, Jennifer Bembry. Bembry was not present during the traffic stop. Upon a search of the vehicle, the highway patrol discovered and seized drug paraphernalia and $26,510 in currency. On June 4, 1999, the Ohio Highway Patrol turned these funds over to the federal Drug Enforcement Administration ("DEA"). The seizure of the funds was adopted for federal forfeiture by the DEA on that same date.
After determining that probable cause existed to seize the funds, notice of a federal administrative forfeiture of the money, made pursuant Section 881, Title 21, U.S. Code, was sent by certified mail to Jennifer "Brembry" on July 26, 1999. The return receipt bears a signature reading "Jennifer A. Bembry." On August 4, 11, and 18, 1999, public notices of the seizure of the funds were published in "USA Today," a newspaper of general circulation. The notices contained information as to the procedure for filing a claim and the last date, August 24, 1999, that the claim could be filed. A Declaration of Forfeiture of the $26,510 was issued by the DEA on September 24, 1999.
Instead of filing a claim with the DEA after receiving notice, appellant filed, On August 11, 1999, her motion for the return of unlawfully seized property in McCoy's pending criminal case in the municipal court. McCoy was charged with several misdemeanors, none involving felony drug offenses. Appellant's motion contended that, pursuant to R.C. 2925.44, the municipal court should restrain the disposition of "$30,000" seized from her vehicle during the traffic stop on June 2, 1999.
The municipal court received briefs and documentary evidence and held a hearing on appellant's motion. The parties' arguments related to the question of whether the municipal court had subject matter jurisdiction over appellant's motion for return of unlawfully seized property. Appellee contended that because of the federal forfeiture proceedings, the municipal court lacked the jurisdiction to act upon appellant's motion. In her brief, appellant did not rely on R.C. 2925.45 as the basis for her motion. Rather, she maintained that her motion was brought solely under the auspices of R.C. 2933.41(D), which vests jurisdiction over seized property allegedly used in an unlawful manner in "any court of record having territorial jurisdiction over the political subdivision in which the law enforcement agency has jurisdiction to engage in law enforcement activities * * *." In reply, appellee asserted that R.C. Chapter 2925 was the statute applicable to the seized currency because felony drug charges could have been brought against McCoy.
On February 29, 2000, the trial court determined that the federal government obtained, through administrative proceedings, in rem
jurisdiction over the seized funds prior to the filing of appellant's application for the return of those funds. Therefore, the court concluded that it lacked jurisdiction over appellant's motion. Appellant appeals this finding and sets forth the following assignment of error:
 "THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY DISMISSING INTERVENING PLAINTIFF/APPELLANT'S MOTION FOR RETURN OF SEIZED PROPERTY BEFORE CONCLUDING THE EVIDENTIARY HEARING."
Appellant urges that the trial court misinterpreted Penn Gen.Cas. Co.v. Pennsylvania (1935), 294 U.S. 189, in finding that the federal "court" was the first to assert in rem jurisdiction over the seized funds and was therefore able to decide the disposition of the funds free and clear of the state municipal court's interference. Appellant argues that notice of an administrative proceeding is insufficient to vest a trial court with jurisdiction and that no action was filed in a federal court to which inrem jurisdiction could attach.
While appellant is correct in asserting that no federal court action was commenced in this case, appellant misconstrues the trial court's application of Penn. The municipal court properly cited Penn as a leading case in determining jurisdiction in a situation where a federal court and state court have concurrent jurisdiction over in rem proceedings. Id. at 198. However, appellant ignores the fact the court below then went on to hold:
 "A federal forfeiture action where a federal law enforcement agency adopts the seizure of property recovered by a state law enforcement agency is controlled by the doctrine in Penn. The adoption of the seized property by the DEA relates back to the date on which the property was originally seized by a state or local agency. Madewell v. Downs (C.A. 8, 1995), 68 F.3d 1030, 1039."
Thus, the lower court determined that, pursuant to Madewell, Penn was also applicable federal administrative forfeiture proceedings. We also find Madewell persuasive and agree with the trial court in its adoption of the rule set forth therein. In addition, appellant's reliance on R.C.2933.41 et seq, rather than R.C. 2925.45, as the ground for her motion is of no avail.
First, there is absolutely no evidence in the record of this case demonstrating that the state exercised any jurisdiction over the seized funds by instituting a timely forfeiture proceeding as required under R.C. 2933.43(C). The evidence does reveal that the seizing law enforcement agency, the Ohio State Highway Patrol, did not retain "custody" of the property seized. Therefore, R.C. 2933.41(A)(1) is inapplicable to this case. Furthermore, as determined by the Ohio Supreme Court in State ex rel. Chandler v. Butler (1991), 61 Ohio St.3d 592, the fact that the money was forfeited under federal law renders the provisions of R.C. 2933.41, et seq. "immaterial." Appellant's claim, if any, is against the federal government. Id.
For the foregoing reasons, appellant's sole assignment of error is found not well-taken. The judgment of the Bowling Green Municipal Court is affirmed. Appellant, Jennifer Bembry, is ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Mark L. Pietrykowski, P.J., George M. Glasser,J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.