

# FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 05 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARLENE L. AZUCENA, | No. 10-15553 |
| Plaintiff - Appellant, | D.C. No. 3:09-cv-00248-HDM-RAM |
| v. | |
| AZTEC FORECLOSURE CORPORATION, an Arizona corporation; HSBC BANK, USA, NA, Trustee for the Registered Holders of Nomura Home Equity, Inc., Asset-Backed Certificates, Srries 2006-HE2; OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Howard D. McKibben, Senior District Judge, Presiding

Argued and Submitted May 12, 2011
Submission Withdrawn May 13, 2011
Resubmitted July 23, 2013
San Francisco, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: GOULD and M. SMITH, Circuit Judges, and ST. EVE, District Judge.[**]

Plaintiff-Appellant Azucena seeks review of both the district court's denial of her motion to remand and its dismissal of her complaint. We have jurisdiction under 28 U.S.C. § 1291, and we vacate the district court's dismissal of Azucena's complaint, and remand for the district court to determine if the unlawful detainer action remains pending in state court, and for further proceedings consistent with this disposition.

Although Azucena's complaint alleges three claims, her quiet title action is the gravamen of her complaint. "The nature of [her] claim does not change because [she] request[s] monetary damages in addition to the central relief—quiet title—that [she] request[s]." *Chapman v. Deutsche Bank Nat'l Trust Co.* (*Chapman II*), 129 Nev. Adv. Op. 34, 2013 WL 2364178, at *4 (Nev. May 30, 2013). We therefore treat Azucena's action as a quiet title action.

Under the prior exclusive jurisdiction doctrine "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 651 F.3d 1039, 1043 (*Chapman I*) (9th Cir. 2011) (quoting *Marshall v. Marshall*, 547 U.S. 293,

[**] The Honorable Amy J. St. Eve, District Judge for the United States District Court for the Northern District of Illinois, sitting by designation.

311 (2006)).  The property or *res* at issue in Azucena's quiet title action is also subject to an unlawful detainer action filed in Nevada state court by Defendant-Appellee HBSC Bank.  Under Nevada law, quiet title and unlawful detainer actions are considered *in rem* or *quasi in rem*, so the prior exclusive jurisdiction doctrine applies. *Chapman II*, 2013 WL 2364178, at *5.

"[T]he court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other."  *Penn Gen. Cas. Co. v. Commonwealth of Pa. ex rel. Schnader*, 294 U.S. 189, 195 (1935).  Jurisdiction attaches upon the filing of the complaint.  *Id*. at 196; *Chapman I*, 651 F.3d at 1044–45.  Here, Defendants-Appellees removed this quiet title action to federal district court on May 13, 2009, one day after HSBC Bank filed an unlawful detainer action in Incline Village Justice Court in Nevada.  Because the federal district court assumed jurisdiction over Azucena's quiet title action after the state court exercised jurisdiction over HBSC's unlawful detainer action, the state court's exercise of jurisdiction takes priority.  *Id*. at 1044–45.

We vacate the district court's order dismissing Azucena's complaint for failure to state a claim, because the court lacked jurisdiction to enter it.  *State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians*, 339 F.3d 804, 814 (9th Cir. 2003).  We remand to the district court to determine whether parallel state

3

proceedings remain pending. *See Weiner v. Shearson, Hammill & Co., Inc.*, 521 F.2d 817, 822 (9th Cir. 1975). If the unlawful detainer action remains pending, the district court should dismiss the quiet title action for lack of subject-matter jurisdiction over the res. *Chapman I*, 651 F.3d at 1043–44. If the state action has terminated, the district court may elect to proceed with the instant action.

**VACATED AND REMANDED.**