*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0058P (6th Cir.)
File Name: 03a0058p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

———————————

UNITED STATES OF AMERICA,
    *Plaintiff-Appellee,*

   *v.*

$174,206.00 IN U.S.
CURRENCY,
    *Defendant,*

THOMAS RICHARD (01-3950);
DACIA LOVE (01-3949),
   *Defendants-Appellants.*

Nos. 01-3949/3950

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 00-01908—Patricia A. Gaughan, District Judge.

Argued: January 28, 2003

Decided and Filed: February 24, 2003

Before: GUY and MOORE, Circuit Judges; BECKWITH,
District Judge.[*]

_____

[*]The Honorable Sandra S. Beckwith, United States District Judge for
the Southern District of Ohio, sitting by designation.

1

---

**COUNSEL**

**ARGUED:** Myron P. Watson, James R. Willis, Cleveland, Ohio, for Appellants. Herbert J. Villa, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee. **ON BRIEF:** Myron P. Watson, James R. Willis, Cleveland, Ohio, for Appellants. Herbert J. Villa, ASSISTANT UNITED STATES ATTORNEY, Cleveland, Ohio, for Appellee.

---

**OPINION**

---

KAREN NELSON MOORE, Circuit Judge. After Thomas Richard (Richard) and Dacia Love (Love) were convicted on drug charges in state court, the United States initiated this civil forfeiture action against cash that had been found in safe deposit boxes bearing Richard's and Love's names. Richard and Love, who had entered claims for the seized property, now appeal from the district court's grant of summary judgment in favor of the government. Because the district court's assertion of jurisdiction over the *res* did not interfere with any other court's jurisdiction, and because the United States satisfied its burden of proof, we **AFFIRM** the district court.

**I. BACKGROUND**

Based on complaints of drug trafficking taking place at the residence of Richard and Love, police observation of the residence, and information provided by a confidential informant, the Cleveland Police Department obtained a warrant to search Richard's and Love's residence in July of 1999. During the search, the police found and seized 32 rocks of crack cocaine, a digital scale, and six keys to safe deposit boxes owned by Richard, Love, or both. The police obtained

search warrants for the safe deposit boxes and discovered $174,206.00.

Richard and Love were charged in state court with trafficking cocaine, preparation of drugs for sale, possession of drugs, and possession of criminal tools. Their motion to suppress and to return the cash seized from the safe deposit boxes was denied. After a jury trial, Richard was convicted of the drug possession and drug preparation charges, and Love was convicted of the drug possession charge. Richard was sentenced to two years in prison; Love received one year of community confinement. During those proceedings, the State filed a forfeiture petition pursuant to Ohio's criminal contraband statute, Ohio Rev. Code § 2933.43, but because the petition had not been brought within thirty days of the seizure, as required under Ohio law, the state court dismissed the forfeiture petition on May 22, 2000, and ordered the State to return the money to the defendants.

On July 18, 2000, the United States obtained a federal seizure warrant, and on July 26, 2000, the United States filed a forfeiture complaint pursuant to 21 U.S.C. § 881(a)(6). Richard and Love (collectively, "Claimants") filed claims on the currency. After rejecting the Claimants' motion to suppress as barred by collateral estoppel and the Claimants' motion to disclose the identity of the confidential informant as unnecessary for the civil forfeiture action, the district court granted the United States's motion for summary judgment. The district court found that the state court had never exercised *in rem* jurisdiction over the currency, and that the federal court thus faced no barrier to exercising its own *in rem* jurisdiction. Based on tax returns showing that Richard had no legitimate income from 1994 to 1999 and that, in total, Love had approximately $31,000 of income from 1994 to 1999, the district court also found that the Claimants' lack of legitimate income gave the United States probable cause to complete the forfeiture. Because the Claimants offered nothing to rebut the Government's evidence, summary judgment was appropriate.

The Claimants timely appealed, and we have jurisdiction pursuant to 28 U.S.C. § 1291.

## II. ANALYSIS

We review a district court's grant of summary judgment de novo. *General Elec. Co. v. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1097 (6th Cir. 1994). Summary judgment is proper only if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

### A. Jurisdiction

The district court properly exercised jurisdiction over the forfeiture action. The Claimants argue that jurisdiction was barred by the doctrine laid out in *Penn General Casualty Co. v. Pennsylvania* ex rel. *Schnader*, 294 U.S. 189 (1935), according to which a court may not exercise *in rem* jurisdiction if another court is exercising *in rem* jurisdiction over the same *res*, *id.* at 195. According to the *Penn General* doctrine, permitting a second court to exercise jurisdiction and control over a *res* that is already in the first court's jurisdiction would lead to "unseemly and disastrous conflicts in the administration of our dual judicial system." *Id.* Accordingly, "the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Id.* On the Claimants' theory, the federal district court here would be barred from exercising *in rem* jurisdiction over any *res* upon which the state court was already exercising jurisdiction.

However, the state court never exercised *in rem* jurisdiction over the currency here. To be sure, the State attempted to initiate forfeiture proceedings pursuant to Ohio Revised Code § 2933.43. To determine whether such proceedings were *in rem* or *in personam*, however, we look to state law. *See, e.g.*, *United States v. 566 Hendrickson Blvd.*, 986 F.2d 990, 993 (6th Cir. 1993) (looking to state law to determine whether state proceeding was *in rem* for purposes of determining

district court did not abuse its discretion in denying the motion.

## III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's decision.

## C. Discovery

The Claimants also argue that the district court erred in denying their motion to suppress the currency as the product of an illegal seizure and in denying their motion to discover the identity of the informant whose tip allegedly led to the initial search of the Claimants' home. Neither argument has merit. First, the district court correctly ruled that the Claimants' motion to suppress was barred by collateral estoppel. The Claimants had made an identical motion in state court, in which they similarly argued that the search warrant supporting the search of their home was based on false statements. The issues were identical, the issue was actually litigated in the first proceeding, and the issue was "necessary and essential to the judgment on the merits." *United States v. Three Tracts of Prop.*, 994 F.2d 287, 290 (6th Cir. 1993). Moreover, even if relitigation of the issue were not barred by collateral estoppel, the legality of the search warrant is not necessary to determine whether the property is to be forfeited under 21 U.S.C. § 881(a). *See United States v. 415 East Mitchell Ave.*, 149 F.3d 472, 476 (6th Cir. 1998).

Second, the district court correctly denied the Claimants' Motion to Compel. We generally review discovery matters for abuse of discretion. *See Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). The Claimants here wanted information regarding the confidential informant whose tip, claiming that Love had sold cocaine from her house, led to the search warrant. Although the Claimants argue that the informant does not exist, the informant's identity (or even existence) is irrelevant in this civil forfeiture action. The validity of the search, although certainly relevant in the criminal proceeding or in a § 1983 suit, plays no role in determining whether the property at issue was used in the furtherance of a drug crime. *See* 21 U.S.C. § 881(a)(6). The United States satisfied its burden by showing the Claimants' possession of crack cocaine and their large amount of cash that is unexplained by legitimate sources of income. The validity of the search warrant is not at issue here, so the

whether federal jurisdiction was proper). Here, the Ohio Supreme Court has explicitly stated that a proceeding to forfeit criminal contraband pursuant to Ohio Revised Code § 2933.43, which authorizes forfeiture of money used in furtherance of a drug crime, *see* Ohio Rev. Code § 2933.43(C) (requiring forfeiture of contraband seized pursuant to Ohio Rev. Code § 2933.43(A)); Ohio Rev. Code § 2933.43(A) (requiring seizure of contraband used in violation of Ohio Rev. Code § 2933.42(A)); Ohio Rev. Code § 2933.42(A) (prohibiting possession of contraband); Ohio Rev. Code § 2901.01(A)(13)(e) (defining contraband to include money used in a violation of state drug laws), is not a civil forfeiture, but rather a separate criminal penalty imposed pursuant to the court's criminal jurisdiction. *See State v. Casalicchio*, 569 N.E.2d 916, 921 (Ohio 1991). Thus the state court forfeiture action here was a criminal action. Accordingly, the state court's jurisdiction was based upon its control over the defendants, not the *res*, and the proceeding was *in personam*. *See United States v. Bajakajian*, 524 U.S. 321, 332 (1998) (distinguishing criminal, *in personam* forfeitures from civil forfeitures, which can be *in personam* or *in rem*).

Because the state court's jurisdiction was *in personam*, there was nothing to prevent the federal district court from asserting jurisdiction over the currency. There could be no unseemly judicial struggle over possession of the *res*, in which the second court threatened to take away the source of the first court's jurisdiction, so the rule barring the second court from asserting jurisdiction over the *res* does not apply. *See Kline v. Burke Constr. Co.*, 260 U.S. 226, 230 (1922). The mere fact that the *res* was at one point in the state's possession does not imply that it was the basis of the state court's jurisdiction; the use of currency as evidence in a criminal case transforms that proceeding into an *in rem* action no more than the presence of a witness in a civil *in rem* forfeiture case would by itself transform the forfeiture action into an *in personam* action. Moreover, whatever jurisdiction the state court might have exercised surely ceased when it

ordered the currency returned to Richard and Love on the ground of the untimeliness of the petition. Thus the district court's exercise of jurisdiction was proper.

## B.  Summary Judgment

We also conclude that the United States satisfied its burden to prevail on summary judgment. The district court applied the burden of proof that was in place prior to passage of the Civil Asset Forfeiture Reform Act ("CAFRA"). Under that earlier framework, the government has the initial burden of demonstrating probable cause to believe that the property is subject to forfeiture, and then the burden shifts to the claimant to demonstrate by a preponderance of the evidence that the property is not subject to forfeiture. In the CAFRA, Congress required that in cases commenced after August 23, 2000, the government would be held to a burden higher than mere probable cause: "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). Although the civil forfeiture complaint in this case was filed on July 26, 2000, and thus according to the statute's terms the United States need not meet the higher preponderance of the evidence standard, we find that the United States met its burden under either standard. *See United States v. Real Property in Otsego County, Michigan*, 241 F.3d 796, 800 (6th Cir. 2001) (applying new preponderance of the evidence standard retroactively to a case pending on appeal on date of statutory enactment).

The United States has shown by a preponderance of the evidence that the property is traceable to the drug offenses and is thus subject to forfeiture under 21 U.S.C. § 881(a)(6). The evidence before the district court showed that the Claimants' legitimate income was insufficient to explain the large amount of currency found in their possession. State tax records showed that Richard had filed no income tax returns from 1994 through 1999, and that Love had filed no income tax returns from 1994 through 1997. Love's 1998 and 1999

returns showed income of $15,147.00 and $15,995.00, respectively. In sum, then, the United States showed that the Claimants had a total of $31,142 in legitimate income between 1994 and 1999. The Claimants' safe deposit boxes contained $174,206.00. This evidence of legitimate income that is insufficient to explain the large amount of property seized, unrebutted by any evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership, satisfies the burden imposed by the statute. This evidence was undoubtedly sufficient under the probable cause standard. *See, e.g.*, *United States v. Dusenbery*, 223 F.3d 422, 425 (6th Cir. 2000) (finding that defendant's admission that he purchased property with drug proceeds and his testimony that he was unemployed for two years constituted sufficient evidence of link to support forfeiture), *aff'd on other grounds*, 534 U.S. 161 (2002); *see also United States v. Parcels of Land*, 903 F.2d 36, 39-42 (1st Cir. 1990) (finding forfeiture appropriate when there is "scant evidence in the record of any 'substantial' sources of legitimate income" and yet over a million dollars worth of property).

The change in the standard, from probable cause to a preponderance of the evidence, does not change the fact that the evidence that the government presented in this case remains sufficient. The change in the standard was meant to "level[] the playing field between the government and persons whose property has been seized," *Otsego County, Michigan*, 241 F.3d at 799, so that property could not be seized when the preponderance of the evidence showed that the property was *not* subject to forfeiture. Here, the preponderance of the evidence shows that the property was subject to forfeiture. That the burden is on the government does not change the fact that, if the government meets its burden, it will prevail unless the claimants introduce evidence to support their case. *See 566 Hendrickson Blvd.*, 986 F.2d at 996 (reasoning that a "[c]laimant cannot avoid completely his Rule 56 burden by merely asserting a Fifth Amendment privilege").