UNITED STATES of America,
Plaintiff–Appellee,

v.

$118,170.00 IN U.S. CURRENCY,
Defendant,

Terrance FOXWORTH, Claimant–
Appellant.

No. 01–4104.

United States Court of Appeals,
Sixth Circuit.

July 10, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

## FACTS AND PROCEDURAL HISTORY

RICHARD MILLS, District Judge.

On March 27, 2000, an Ohio State trooper stopped a vehicle for speeding on the Ohio Turnpike. Claimant–Appellant Terrance Foxworth was driving. The trooper detected the odor of burnt marijuana coming from the interior of the vehicle. When the trooper inquired, the vehicle's passenger surrendered a small amount of marijuana from his pocket. A second trooper arrived. His drug detection dog, Amoros, checked the vehicle and alerted to the trunk. A search of the trunk revealed a blue laundry bag. Inside the bag, concealed in plastic shopping bags and clothes, was $118,170.00. The trooper seized the Defendant Currency and turned the matter over to the Drug Enforcement Administration (DEA). The DEA initiated administrative forfeiture proceedings and Foxworth submitted a claim to the Currency. The Government filed a motion for summary judgment arguing the Currency was subject to forfeiture and that Foxworth had failed to refute the Government's evidence or to present a genuine issue of material fact. The district court granted the Government's motion. Foxworth appeals.

## GENERAL BACKGROUND

The following shall be subject to forfeiture:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881(a)(6). A seizure may be made without a warrant if there is probable cause to believe that the property is subject to forfeiture and the seizure is made pursuant to a lawful arrest or search. 18 U.S.C. § 981(b)(2)(B). A forfeiture action may also be predicated on forfeitable property "which was lawfully seized by a State or local law enforcement agency and transferred to a Federal agency." 18 U.S.C. § 981(b)(2)(C).

Once property has been seized, "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1). The aggregation of facts, each one insufficient on its own, may suffice to meet the government's burden. *United States v. $67,220.00 in U.S. Currency*, 957 F.2d 280, 284 (6th Cir.1992) (citation omitted).

## ANALYSIS

Defendant argues the motion for summary judgment should not have been granted because: (1) his Fourth Amendment rights were violated when the trunk was searched; (2) the Currency was seized without probable cause; (3) Government

---

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

did not meet its burden by a preponderance of the evidence; (4) the Government did not trace the money to a specific drug transaction; and (5) the district court improperly drew an adverse inference from Foxworth's assertion of his Fifth Amendment rights.

### A. *Fourth Amendment*

Foxworth first claims that the currency could not be forfeited because the trooper's search of the car violated his Fourth Amendment rights.

■ The initial stop was lawful as Foxworth was speeding. *United States v. Townsend*, 305 F.3d 537, 541 (6th Cir.2002) (stating that a "police officer may effect a traffic stop of any motorist for any traffic infraction"). "To detain the motorist any longer than is reasonably necessary to issue the traffic citation, however, the officer must have reasonable suspicion that the individual has engaged in more extensive criminal conduct." *Id.* The smell of marijuana alone constitutes probable cause to believe that drugs are in the vehicle and will justify searching without a warrant. *United States v. Garza*, 10 F.3d 1241, 1246 (6th Cir.1993). Not only did the trooper here smell marijuana, he discovered a small amount in the car. Lastly, the drug detection dog alerted to the trunk. The trooper's search of the trunk was not in violation of the Fourth Amendment.

### B. *Probable Cause to Seize*

Foxworth's next argument centers around the Government's right to seize the money. A seizure may be made if there is probable cause to believe that the property is subject to forfeiture. 18 U.S.C. § 981(b)(2)(B). "A lack of probable cause to seize the [property] would permit its return to its owner, but [will] not. by itself, [end] the forfeiture proceedings." *United States v. One 1974 Learjet 24D, Serial Number 24D–290, Mexican Registration XA–RMF*, 191 F.3d 668. 673 (6th Cir. 1999). An inquiry into the probable cause to seize the property depends upon the evidence available at the time of seizure and whether the Government was justified in holding the property pending the dispositive ruling. In other words, the Court must question whether there was an adequate preliminary showing that the property was connected to illegal activity and thus forfeitable. *United States v. Real Property Known and Numbered as Rural Route 1, Box 137–B, Cutler. Ohio*, 24 F.3d 845, 850 (6th Cir.1994).

Here, the district court relied on the facts of the traffic stop to find probable cause: the presence of marijuana; the alert to the trunk by Amoros the dog; and, the large amount of money found in Foxworth's trunk.

■ Foxworth claims probable cause was not established because there was only a small amount of drugs found in Foxworth's car and because it was produced by the passenger, rather than by Foxworth himself. Finding only small amounts of contraband does not preclude seizure. As for Amoros' reaction, courts have historically found that a drug dog's positive reaction to money is "strong evidence of [its] connection to drugs." *$67,220.00 in U.S. Currency*, 957 F.2d at 285. More recently, courts have been reluctant "to rely too heavily upon drug detection dog alerts to contaminated money because of evidence that there is widespread contamination of currency in circulation in certain areas of the country." *United States v. $22,474.00 in U.S. Currency*, 246 F.3d 1212, 1216 (9th Cir.2001). As a result, when there is no evidence indicating the dog's reliability, the dog's alert is "probative but weak." *$67,220 in U.S. Currency*, 957 F.2d at 286.

"Absent other evidence connecting the money to drugs, the existence of money or its method of storage are not enough to establish" the property is subject to forfeiture. *United States v. $506.231 in U.S. Currency*, 125 F.3d 442, 452 (7th Cir.1997). However, "possession of a large amount of cash is 'strong evidence that the money was furnished or intended to be furnished in return for drugs.'" *United States v. Currency, U.S. $42,500.00*, 283 F.3d 977, 981 (9th Cir.2002) (quoting *United States v. $93,685.61 in U.S. Currency*, 730 F.2d 571, 572 (9th Cir.1984)).

Based on the presence of marijuana, the alert by the drug dog, and the large amount of money found in the trunk, we affirm the district court's finding of probable cause to seize the currency.

### C. *Preponderance of the Evidence*

Foxworth next argues the Government did not prove, by a preponderance of the evidence, that the Currency was subject to forfeiture. When determining whether property is subject to forfeiture, the Court may rely on information gathered after the filing of the complaint. 18 U.S.C. § 983(c)(2).

In addition to the evidence recited above, the Government presented evidence of Foxworth's sketchy financial history. His tax returns, filed in 1996, 1997, and 1998, indicated he earned $13,454.00, $21,038.00, and $11,562.00 respectively. Foxworth did not file tax returns for 1995, 1999, or 2000. The district court found this was additional evidence that the large sum of money found in Foxworth's trunk was illegally obtained.

The facts here are similar to a case recently decided by this Court. In *United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658 (6th Cir.2003), the Court found that the claimants' "legitimate income was insufficient to explain the large amount of currency found in their possession." *$174,206.00 in U.S. Currency*, 320 F.3d at 662. Tax records showed that one claimant had never filed an income tax return and that the second claimant had filed returns in 1998 and 1999 showing income of only $15,147.00 and $15,995.00. respectively. Despite earning very little income, the claimants' safe deposit boxes contained $174,206.00. "This evidence of legitimate income that is insufficient to explain the large amount of property seized, unrebutted by any evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership, satisfies the burden imposed by the statute." *Id.*

The district court also considered the sworn statement of William Osborn. Mr. Osborn submitted an affidavit stating that Foxworth had attempted to purchase kilograms of cocaine from Osborn on several different occasions in the late 1990s. A claimant's record of drug activity is a highly probative factor in the forfeiture calculus. *$67,220.00 in U.S. Currency*, 957 F.2d at 286. Foxworth places tremendous emphasis on the fact that he was not prosecuted for a drug crime in relation to the events of March 27, 2000. This is irrelevant as "forfeiture under § 881(a) is not conditioned upon an arrest or conviction for a drug offense." *United States v. $10,700.00 in U.S. Currency*, 258 F.3d 215, 224 n. 6 (3d Cir.2001).[1]

---

**1.** Foxworth also argues the Government failed to prove a "substantial connection" between the Currency and a drug offense. Section 983(c)(3) of Title 18 requires proof of a substantial connection only when the Govern-

ment's theory of forfeiture is "that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense." Section 881 authorizes forfeiture for "all pro-

We agree with the district court that the Government met its burden here. The presence of marijuana, the alert by the drug dog, the large sum of unexplained money in Foxworth's automobile coupled with Osborn's statements is proof, by a preponderance of the evidence, that the Defendant Currency was subject to forfeiture.

### D. *Fifth Amendment*

■ At his deposition, Foxworth did not answer any significant questions relating to this case and instead asserted his Fifth Amendment right against self-incrimination. Foxworth claims the district court improperly penalized him for invoking his Fifth Amendment right by allowing the Government's motion for summary judgment. The district court stated, "the assertion of the Fifth Amendment right, although a legitimate basis for refusing to answer questions, is not a substitute for evidence in support of the Claimant's case," and cited *United States v. Certain Real Property 566 Hendrickson Blvd., Clawson, Oakland County, Mich.*, 986 F.2d 990, 996 (6th Cir.1993). In *Certain Real Property*, the court held that a "[c]laimant cannot avoid completely his Rule 56 burden by merely asserting a Fifth Amendment privilege." *Id.* at 996. After all, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Foxworth presented no evidence to refute the Government's case or to raise a genuine issue of material fact. Accordingly, Foxworth's claim that entering summary

judgment penalized him for asserting his Fifth Amendment right has no merit.

### CONCLUSION

We find the Government met its burden to prove, by a preponderance of the evidence, that the legally seized Defendant Currency was subject to forfeiture. We AFFIRM.

---

ceeds traceable" to an exchange for a controlled substance. 21 U.S.C. § 881(a)(6). Accordingly, the Government need not prove a

substantial connection to a specific drug transaction when it advances a drug proceeds theory.