NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 10a0156n.06

No. 08-4332

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Mar 15, 2010**
LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,    )
                             )
    Plaintiff-Appellee,    )    ON APPEAL FROM THE
                             )    UNITED STATES DISTRICT
    v.                     )    COURT FOR THE SOUTHERN
                             )    DISTRICT OF OHIO
REAL PROPERTY LOCATED AT 2621 )
BRADFORD DRIVE, MIDDLETOWN, BUTLER )
COUNTY, OHIO,                )
                             )
    Defendant,

    and

VIRGINIA GAIL FRANZ, as Trustee on behalf of
Virginia Gail Franz Trust,

    Defendant-Appellant.

_____

Before: GUY, CLAY and WHITE, Circuit Judges.

**HELENE N. WHITE, Circuit Judge.**  Virginia Gail Franz ("Franz"), as trustee of the

Virginia Gail Franz Trust, appeals the district court's grant of summary judgment to the United

States ("Government") in an action for *in rem* civil forfeiture under 21 U.S.C. § 881(a)(7), and from

the court's subsequent denial of her motion to set aside judgment pursuant to Fed. R. Civ. P.

60(b)(1).  Franz argues that she was an innocent owner of the forfeited property and that the district

court abused its discretion in denying her motion to set aside judgment after her attorney inadvertently failed to respond to the Government's summary judgment motion. We AFFIRM.

**I.**

This case stems from an *in rem* civil forfeiture proceeding brought by the Government against real property known and numbered as 2621 Bradford Drive, Middletown, Butler County, Ohio. Jon Franz resided in a house on the property, which was owned by the Virginia Gail Franz Trust. On July 3, 2007, Middletown, Ohio police responded to a report of marijuana plants growing in plain view at the property. Officers met with Jon Franz and detected a strong odor of marijuana coming from inside the residence. After obtaining a search warrant, officers found 121 marijuana plants growing in and around the house. The search also revealed an irrigation system operated on a timer and plumbed directly into the house's water supply, a motorized trolley with grow lights that passed over plants, high-output lights, fans with piping to supply fresh air, and a room equipped with digital scales, small bags of marijuana and larger storage containers of marijuana.

Jon Franz was indicted in the Court of Common Pleas in Butler County, Ohio on a number of charges involving the possession, cultivation and distribution of marijuana. The Government then brought a civil action *in rem* for forfeiture of 2621 Bradford Drive. The Virginia Gail Franz Trust contested the forfeiture and, in January 2008, filed an answer to the Government's complaint. On May 14, 2008, the Government filed a motion for summary judgment and served notice by email, in accordance with local rules. A response was due by June 9, 2008, but none was filed. On August 12, 2008, having received no response from Franz, the district court granted the Government's

motion. Franz filed a motion for relief from judgment the same day, accompanied by an affidavit of counsel stating that he had not received, or had inadvertently deleted without reading, the emailed service. Counsel attested that he was unaware of the pending motion until he received an email informing him that summary judgment had been entered against his client. The district court denied Franz's motion and Franz timely appealed both the denial of the motion and the grant of summary judgment.

## II.

## A.

We review the district court's grant of summary judgment de novo.[1] *Moses v. Providence Hosp. & Med. Ctrs., Inc.*, 561 F.3d 573, 578 (6th Cir. 2009). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party "bears the burden of proving that there are no genuine issues of material fact." *Phillips v. Roane County, Tenn.*, 534 F.3d 531, 538 (6th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). The non-moving party must then "come

---

[1]Franz's brief on appeal does not argue that summary judgment was inappropriate and raises as the sole issue whether the district court abused its discretion in denying her Rule 60(b)(1) motion. While her brief does mention that she appeals the grant of summary judgment, no effort at developing an argument on the issue was made. Such failure generally constitutes waiver. *El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) (citing *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997)). We address the grant of summary judgment, nevertheless, because the denial of Franz's Rule 60(b) motion was premised on a failure to demonstrate a meritorious defense to the motion for summary judgment.

forward with 'specific facts showing a genuine issue for trial.'" *Merriweather v. Zamora*, 569 F.3d 307, 313 (6th Cir. 2009) (quoting Fed. R. Civ. P. 56(e)(2)). "When we review a motion for summary judgment, we must view all facts and inferences in the light most favorable to the non-moving party." *Hall v. Spencer County, Ky.*, 583 F.3d 930, 933 (6th Cir. 2009) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

The civil forfeiture provision of the Controlled Substance Act, 21 U.S.C. § 881(a)(7), provides:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them: . . .
> > (7) All real property, including any right, title, and interest (including any leasehold interest) in the whole of any lot or tract of land and any appurtenances or improvements, which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.

The subchapter makes it punishable "to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Violations involving "100 or more marijuana plants regardless of weight" are punishable by no less than five years imprisonment. 21 U.S.C. § 841(b)(1)(B)(vii). Thus, the property was subject to forfeiture.

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), the government must prove by a preponderance of the evidence that the property in question is subject to forfeiture under any civil forfeiture statute. 18 U.S.C. § 983(c)(1). In addition, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense,

or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

The Government made the requisite showing on both issues. There was extensive use of the property for the purpose of cultivating 121 marijuana plants, including physical improvements made to the property for the sole purpose of marijuana cultivation. Intent to distribute marijuana can be inferred from the large quantity of marijuana plants, and from the presence of scales and packaged marijuana. *United States v. Bell*, 516 F.3d 432, 446 (6th Cir. 2008). The substantial-connection requirement of CAFRA is supported by the same facts.

While Franz denied that marijuana was being cultivated on the property, she presented no evidence to contradict the Government's assertions. As we have held, "[t]hat the burden is on the government does not change the fact that, if the government meets its burden, it will prevail [on a motion for summary judgment] unless the claimants introduce evidence to support their case." *United States v. $174,206.00 in U.S. Currency*, 320 F.3d 658, 662 (6th Cir. 2003). The district court did not err when it concluded that the subject property was subject to forfeiture.

CAFRA further provides, in part:

> (1) An innocent owner's interest in property shall not be forfeited under any civil forfeiture statute. The claimant shall have the burden of proving that the claimant is an innocent owner by a preponderance of the evidence.
> (2)(A) With respect to a property interest in existence at the time the illegal conduct giving rise to forfeiture took place, the term "innocent owner" means an owner who--
> (i) did not know of the conduct giving rise to forfeiture. . .

18 U.S.C. § 983(d). Franz can avoid forfeiture if she can establish that she is an "innocent owner." Innocent ownership is an affirmative defense on which the claimant bears the burden of proof to

show by a preponderance of the evidence that she lacked knowledge of the illegal activity. Reviewing a motion for summary judgment "necessarily implicates the substantive evidentiary standard of proof that would apply at . . . trial . . . . The mere existence of a scintilla of evidence in support of the [opponent's] position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby*, 477 U.S. 242, 252 (1986). By failing to respond to the government's motion, Franz offered no evidence at all on this issue beyond her general denial of knowledge contained in her pleadings.[2] The Government, in contrast, amply supported its motion for summary judgment. Franz admitted visiting the subject property, on which marijuana was openly and extensively cultivated, numerous times. She posted bond for her son on two prior occasions for marijuana-related offenses.[3] According to police reports, she further admitted knowledge of her son's continuing marijuana use during the execution of the search warrant.

While all evidence must be viewed in a light most favorable to the non-moving party, a reasonable jury could not infer in the face of Franz's admissions that Franz had met her burden of establishing her innocent ownership on her denial alone. As the Supreme Court has held, "[w]hen

---

[2]The fact that her state of mind is implicated by an innocent-owner defense does not relieve her of the need to make some showing. *See, e.g.*, *Anderson,* 477 U.S. at 257 (noting that even in cases where state of mind is at issue, "the [non-moving party] must present affirmative evidence in order to defeat a properly supported motion for summary judgment").

[3]In 1994, Jon Franz was arrested on similar charges stemming from a search of the same property, and in 2007 he pleaded no contest to a charge of drug abuse, for marijuana use.

the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986) (internal citations and footnotes omitted). Franz did not supply any evidence to establish her claim of innocent ownership and provided nothing more than "metaphysical doubt" as to how the extensive and open cultivation of marijuana by her son on a property she owned and frequently visited could have gone undetected. Franz was bound by Fed. R. Civ. P. 56(e)(2) to "set out specific facts showing a genuine issue for trial." The record before the district court contained no such facts, making summary judgment appropriate.

**B.**

We now turn to the denial of Franz's Rule 60(b)(1) motion to set aside judgment. This court "review[s] a district court's denial of a Rule 60(b) motion for abuse of discretion." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 453-54 (6th Cir. 2008) (citations omitted). An abuse of discretion occurs when the district court commits "a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact." *In re Ferro Corp. Derivative Litigation*, 511 F.3d 611, 623 (6th Cir. 2008) (citing *Blue Diamond Coal Co. v. Trs. of the UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001), and *Schenck v. City of Hudson*, 114 F.3d 590, 593 (6th Cir. 1997)). "[R]elief under Rule 60(b) is 'circumscribed by public policy favoring finality of judgments and termination of

litigation.'" *Blue Diamond*, 249 F.3d at 524 (quoting *Waifersong Ltd., Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir.1992)).

Rule 60(b) states in pertinent part, "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect." Three factors are relevant to determine whether Rule 60(b)(1) relief is appropriate: "(1) whether the party seeking relief is culpable; (2) whether the party opposing relief will be prejudiced; and (3) whether the party seeking relief has a meritorious claim" *Williams v. Meyer*, 346 F.3d 607, 613 (6th Cir. 2003) (citing *United Coin Meter v. Seaboard Coastline R.R.*, 705 F.2d 839, 844-45 (6th Cir. 1983)).

The district court denied Franz's Rule 60(b)(1) motion on the basis that Franz could not establish a meritorious defense. In her motion, Franz focused on the mistake of her counsel, attaching only an affidavit of counsel regarding his failure to receive notice of the Government's motion for summary judgment. The motion stated that Franz had no knowledge of her son's illegal use of the property, but did nothing more to demonstrate that she could raise a genuine issue of material fact on the issue. The district court denied Franz's motion, concluding that the Government had presented sufficient evidence to negate Franz's innocent-owner defense, while Franz had "not proffered any facts which tend to show that the illegal activity on the subject property took place without her knowledge or consent." (R. 21, at 6.)

On appeal, Franz presents for the first time a number of unsworn claims pertaining to her innocent-owner defense. However, none of these assertions was included in the record before the

district court.[4]  As we have held, "[o]ur function is to review the case presented to the district court, rather than a better case fashioned after a district court's unfavorable order.  The court will consider an issue not raised below only when the proper resolution is beyond doubt or a plain miscarriage of justice might otherwise result." *DaimlerChrysler Corp. Healthcare Benefits Plan v. Durden*, 448 F.3d 918, 922 (6th Cir. 2006) (citations omitted).  The case presented to the district court seeking relief from judgment contained no new factual support for Franz's innocent-owner defense.  The district court had already properly granted the Government's motion for summary judgment and did not abuse its discretion in concluding that Franz, having failed to present anything more than a reiteration of her previous denials, could not establish that she had a meritorious defense.

## III.

We AFFIRM both the district court's grant of summary judgment and its denial of Franz's motion to set aside judgment.

---

[4]It is unnecessary for this court to determine whether the claims presented would have been sufficient to constitute a meritorious defense and we do not reach this issue.