NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0350n.06

Case No. 12-3778

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Apr 09, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| ANTONIO CUNNINGHAM, | ) | DISTRICT OF OHIO |
| | ) | |
| Claimant-Appellant, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| $16,757.00 IN U.S. CURRENCY, | ) | |
| | ) | |
| Defendant. | ) | |

BEFORE: BATCHELDER, Chief Judge; MERRITT and KETHLEDGE, Circuit Judges.

ALICE M. BATCHELDER, Chief Judge. Off-duty Cleveland Police Department Officer James Dunn was driving eastbound on I-90 when a recklessly driven car almost struck his own vehicle. Believing that the car's driver had pointed a handgun at him, Dunn slowed his vehicle, noted the car's license plate number, exited I-90 onto Superior Avenue, and called two on-duty officers to recount the incident and to describe the car and license plate number. Claimant-Appellant Antonio Cunningham was the driver of the car, which held a passenger later identified as Cunningham's cousin, Jeron Cantney.

About fifteen minutes after Dunn's call, the two officers, Robert Sauterer and Robert Taylor, located the car in a beverage store parking lot off East 140th Street. With guns drawn, they

approached the car and saw Cunningham inside. Sauterer pulled Cunningham from the car and arrested him. Taylor went into the beverage store and retrieved Cantney, who allegedly told Taylor that he had just finished a prison term imposed for drug trafficking. A search of Cunningham's person revealed $717, and the officers placed Cunningham and Cantney in the back of the police car.

The officers checked Cantney's criminal record and learned that he indeed had a conviction for drug trafficking. After the officers arrested Cunningham, he admitted there was marijuana in the car's console, and Sauterer recovered the drugs. Though Sauterer did not find any gun during his inventory search of the vehicle, he did find $16,040 in a blue grocery bag in the glove compartment. Sauterer asked Cunningham about the money and said he received inconsistent explanations. Because Sauterer believed the money came from drug trafficking, he called one of his colleagues, Officer James Cudo of the Cleveland Police Narcotics Unit, asking for help with processing the cash and initiating civil forfeiture proceedings. Cudo requested that the U.S. Customs and Border Patrol take the cash as a forfeiture, and on December 30, 2009, Customs took custody of the currency.

Cunningham was charged in the Cleveland Municipal Court with violating local ordinances through aggravated menacing and drug abuse, *Cleveland v. Cunningham*, No. 95267, 2011 WL 1812757, at *1 (Ohio Ct. App. May 12, 2011), and was convicted of drug abuse. *Id.* The United States filed a claim on June 30, 2010, alleging that the currency was subject to civil forfeiture under 21 U.S.C. § 881(a)(6). Upon the recommendation of the magistrate judge, the district court judge granted the United States' motion for summary judgment.

We review *de novo* an order granting summary judgment in a forfeiture action. *United States v. $174,206 in U.S. Currency*, 320 F.3d 658, 660 (6th Cir. 2003). A district court "shall grant

2

summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On appeal, Cunningham makes several claims. None of them warrants our reversing the district court.

First, Cunningham challenges our jurisdiction over the currency. This claim lacks merit. "[T]he principle, applicable to both federal and state courts, is established that the court first assuming jurisdiction over the property may maintain and exercise that jurisdiction to the exclusion of the other." *Penn General Casualty Co. v. Pennsylvania*, 294 U.S. 189, 195 (1935). Hence, "a court cannot exercise jurisdiction over a *res* that is already subject to the *in rem* jurisdiction of another court." *United States v. 566 Hendrickson Blvd.*, 986 F.2d 990, 993 (6th Cir. 1993). In this case, a federal district court was the first court to assume jurisdiction over the currency. And the City of Cleveland has never filed a forfeiture claim against the currency, nor is a state court now attempting to exercise jurisdiction over it. We have jurisdiction.

Second, there is no genuine dispute over the facts that show the currency is subject to federal forfeiture. Under 21 U.S.C. § 881(a)(6), "[a]ll moneys . . . furnished or intended to be furnished by any person in exchange for a controlled substance" and "all proceeds traceable to such an exchange" are subject to forfeiture. The burden of proof is on the United States "to establish, by a preponderance of the evidence, that the property is subject to forfeiture." 18 U.S.C. § 983(c)(1); *see also $174,206*, 320 F.3d at 661-62 (explaining the United States' burden of proof before and after the passage of the Civil Asset Forfeiture Reform Act). If the United States meets its burden, it will prevail unless a claimant introduces evidence to support his case for his innocent ownership of the currency. *See $174,206*, 320 F.3d at 662.

3

Various circumstances may establish that currency is subject to federal forfeiture. The insufficiency of a claimant's legitimate income—as reflected by his tax returns—to explain his possession of the currency may be one such circumstance. *Id.* Another is a claimant's record of drug activity. *United States v. $67,220 in U.S. Currency*, 957 F.2d 280, 286 (6th Cir. 1992) ("A claimant's record of drug activity is a highly probative factor in the forfeiture calculus."). And drugs at the scene of arrest connect currency to crime. *United States v. $110,873 in U.S. Currency*, 159 F. App'x 649, 652 (6th Cir. 2005).

Here, the United States carried its burden to prove by a preponderance of the evidence that the currency is subject to federal forfeiture. Cunningham's legitimate income is insufficient to explain his possession of the currency; he filed no federal or Ohio income tax returns for the years 2005 through 2009. Cunningham pleaded no contest to charges of drug abuse in 2001 and 2006, and received felony convictions after he pleaded guilty to preparing drugs for sale and to drug trafficking. And there was marijuana in Cunningham's car. This evidence, "unrebutted by any evidence pointing to any other source of legitimate income or any evidence indicating innocent ownership," *$174,206*, 320 F.3d at 662, was sufficient to show the currency is subject to federal forfeiture under 18 U.S.C. § 881(a)(6). The district court did not err in granting the United States' motion for summary judgment.

Third, Cunningham's challenge to the search and seizure that led to the federal forfeiture is also meritless. A forfeiture action may be based upon forfeitable currency that was "lawfully seized by a State or local law enforcement agency and transferred to a Federal agency." 18 U.S.C. § 981(b)(2)(C); *see United States v. $118,170 in U.S. Currency*, 69 F. App'x 714, 715 (6th Cir. 2003).

4

Cunningham's arrest was lawful because it was supported by probable cause. "Police may arrest a person without a warrant if they have probable cause at the time of the arrest to believe that the person has committed or is committing a crime." *United States v. Caicedo*, 85 F.3d 1184, 1192 (6th Cir. 1996). Probable cause supports an arrest if, at the moment of arrest, "the facts and circumstances within [the arresting officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent person in believing that [the arrestee] had committed or [was] committing an offense." *United States v. Romero*, 452 F.3d 610, 615 (6th Cir. 2006) (alterations and internal quotation marks omitted). Here, Dunn, an off-duty policeman—not an anonymous caller—spoke of Cunningham's brandishing a gun; Dunn described Cunningham's car and its license plate number; and Sauterer and Taylor found Cunningham near where the incident occurred and only about fifteen minutes after Dunn's call. These facts were sufficient to warrant a prudent person's believing that Cunningham had committed an offense. The arrest was lawful.

Sauterer both searched Cunningham's person and car and seized the currency from Cunningham's person and car incident to that lawful arrest. Cunningham had $717 on his person. Police may search a person after his lawful arrest and may seize items found in his possession. *See United States v. Smith*, 549 F.3d 355, 360-61 (6th Cir. 2008). Sauterer's searching Cunningham and seizing the $717 were lawful.

Likewise, "an automobile search incident to a recent occupant's arrest is constitutional . . . if the police have reason to believe that the vehicle contains evidence relevant to the crime of arrest." *Davis v. United States*, 564 U.S. –, –, 131 S. Ct. 2419, 2425 (2011) (internal quotation marks

omitted). And police may seize evidence of crime that is found during such an automobile search. *See United States v. Charles*, 138 F.3d 257, 264 (6th Cir. 1998) (upholding the district court's admission of a pager seized during an automobile search incident to the driver's arrest). Sauterer's search of the automobile was lawful because Sauterer had reason to believe the car contained both the marijuana Cunningham told him was in the car's console and the gun Cunningham had allegedly used for aggravated menacing. Though Sauterer found and seized the $16,040, not the gun, the marijuana in the console and Cantney's admission to drug crimes suggested the currency was evidence of crime. Because Sauterer conducted the search and seizure incident to a lawful arrest, he lawfully seized the currency upon which this forfeiture action is based. Hence, the search and seizure in this case occurred incident to a lawful arrest, they did not violate the Fourth Amendment, and the currency was "lawfully seized."

Last, Cunningham raises a Tenth Amendment challenge to the United States' sharing forfeited property with local law enforcement when that sharing interferes with Ohio's own forfeiture procedures. But we need not "consider claims or arguments that were not raised in the district court." *United States v. Hayes*, 218 F.3d 615, 619 (6th Cir. 2000). Cunningham failed to raise this claim before the district court, and we decline to review it here.

For the foregoing reasons, we **AFFIRM** the judgment of the district court.