NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0240n.06

No. 19-5589

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
May 01, 2020
DEBORAH S. HUNT, Clerk

JENIFER GRIFFIN, )
)
  Plaintiff-Appellant, )
) ON APPEAL FROM THE UNITED
v. ) STATES DISTRICT COURT FOR
) THE WESTERN DISTRICT OF
HOPE FEDERAL CREDIT UNION; ) TENNESSEE
WILSON & ASSOCIATES, PLLC, )
)
  Defendants-Appellees. )

BEFORE: BOGGS, GRIFFIN, and READLER, Circuit Judges.

PER CURIAM. Jenifer Griffin appeals the district court's judgment entered upon the parties' stipulation of dismissal with prejudice. According to Griffin, the district court lacked subject-matter jurisdiction over her wrongful-foreclosure action. As set forth below, we **AFFIRM** the district court's judgment.

Griffin obtained a $150,000 mortgage loan from Hope Federal Credit Union (Hope), secured by a piece of real property located in Cordova, Tennessee. After Griffin defaulted on the loan, Hope initiated foreclosure proceedings. The foreclosure sale was twice postponed because, on the morning of each sale, Griffin would file voluntary petitions for bankruptcy under Chapter 13 of the Bankruptcy Code, which automatically delayed the sale. However, the bankruptcy court would later dismiss each of Griffin's petitions for failure to satisfy the filing requirements.

When Hope initiated a third foreclosure sale of the property, Griffin filed another bankruptcy petition. Because this was the third bankruptcy case filed by Griffin in a one-year

period, the automatic stay under 11 U.S.C. § 362 did not go into effect. *See* 11 U.S.C. § 362(c)(4).

Griffin filed a motion to impose the automatic stay as to all creditors and a complaint for injunctive

relief against Hope, seeking to enjoin Hope from foreclosing on the property. Griffin and Hope

subsequently entered into a consent order agreeing to the automatic stay but stating:

> Should the Debtor's current chapter 13 case be dismissed for any reason, or
> converted to another chapter under the Bankruptcy Code, before Hope's arrearage
> claim is paid in full, then Hope and it[s] successors and assigns shall have *in rem*
> relief as to the Collateral, and the protections of the automatic stay of 11 U.S.C.
> § 362(a) shall not apply with respect to the Collateral in any future bankruptcy case,
> regardless of Debtor's change of circumstances, for a period of two (2) years from
> the date of the dismissal order filed in this case or the date of conversion of this
> case to another chapter under the Bankruptcy Code.

The bankruptcy court later dismissed Griffin's bankruptcy case. Griffin filed a motion to reinstate

the bankruptcy case, which the district court granted. The bankruptcy court went on to hold that

the in rem relief as to the property granted to Hope in the consent order became effective upon

entry of the dismissal order; that reinstatement of the bankruptcy case did not affect the in rem

relief granted to Hope; and that, notwithstanding the reinstatement order, the automatic stay did

not apply to the property. The bankruptcy court ordered Griffin to vacate the property by 5:00

p.m. on March 25, 2019.

Hope subsequently foreclosed on the property. On April 18, 2019, after Griffin failed to

vacate the property by March 25, 2019, Hope filed an action for forcible entry and detainer against

Griffin in the Shelby County General Sessions Court. On April 29, 2019, Griffin filed a complaint

for wrongful foreclosure against Hope and Wilson and Associates, PLLC (W&A), the law firm

that conducted the foreclosure, in the Shelby County Chancery Court.

Hope and W&A removed Griffin's wrongful foreclosure action to the district court

pursuant to 28 U.S.C. §§ 1441, 1446, and 1452 and Federal Rule of Bankruptcy Procedure 9027,

asserting that her claims constituted core bankruptcy proceedings under 28 U.S.C. § 157(b)(2).

The next day, the parties filed a stipulation of dismissal with prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Upon the parties' stipulation, the district court entered a judgment dismissing the case with prejudice.

In this timely appeal, Griffin argues that the district court lacked subject-matter jurisdiction over the wrongful-foreclosure action because the earlier-filed detainer action in the Shelby County General Sessions Court is an in rem or quasi in rem proceeding, and thus precludes later federal jurisdiction. Griffin also asserts that prior counsel entered into the stipulation of dismissal without her knowledge. We review de novo whether subject-matter jurisdiction exists. *See Watson v. Cartee*, 817 F.3d 299, 302 (6th Cir. 2016).

In support of her argument that the district court lacked subject-matter jurisdiction, Griffin cites *Cartwright v. Garner*, 751 F.3d 752 (6th Cir. 2014), which involved application of the *Princess Lida* doctrine, also known as the doctrine of prior exclusive jurisdiction. This court summarized the doctrine as follows:

> If two suits are in rem or quasi in rem, so that the court must have possession or some control over the property in order to grant the relief sought, the jurisdiction of one court must yield to that of the other. This rule applies where the court first asserting jurisdiction needs some control over the property to resolve the case, such as cases involving trust administration.

*Id*. at 761 (internal citations omitted) (citing *Princess Lida of Thurn & Taxis v. Thompson*, 305 U.S. 456, 466 (1939)). "The first question in determining whether the *Princess Lida* doctrine applies in this case to deprive the federal court of jurisdiction is whether the district court and Tennessee state court actions are quasi in rem [or in rem]." *Id*. at 761–62. We look to state law to determine whether a state-court action is in rem or quasi in rem rather than in personam. *See United States v. $714,206.00 in U.S. Currency*, 320 F.3d 658, 661 (6th Cir. 2003).

Griffin asserts that the earlier-filed detainer action in the Shelby County General Sessions Court is an in rem or quasi in rem proceeding. Hope and W&A contend that a recent decision of

the Tennessee Court of Appeals disposes of Griffin's argument. In *Belgravia Square, LLC v. White*, No. W2018-02196-COA-R3-CV, 2019 WL 5837589 (Tenn. Ct. App. Nov. 7, 2019), the Tennessee Court of Appeals held that the *Princess Lida* doctrine did not apply to a detainer action under Tennessee law because "[i]t is well settled that a detainer action is an *in personam* action to decide the possessory interests over the *res* as between the parties." *Id*. at *2 (citing Tenn. Code Ann. § 29-18-119).

Griffin responds that this court is bound to follow the rulings of the state's highest court on issues of state law and that the Tennessee Supreme Court has described detainer actions as quasi in rem. Griffin relies on *Hubbs v. Nichols*, 298 S.W.2d 801, 803 (Tenn. 1956), which characterized a California—not Tennessee—detainer case as an in rem or quasi in rem proceeding. Griffin further asserts that the decision in *Belgravia Square* is not a final ruling and is not entitled to any effect in this court because an application for permission to appeal to the Tennessee Supreme Court is pending in that case. Although the decision of the Tennessee Court of Appeals is not yet final for purposes of res judicata under Tennessee law, *see Creech v. Addington*, 281 S.W.3d 363, 377–78 (Tenn. 2009), Griffin does not cite any authority precluding us from considering the *Belgravia Square* case as persuasive authority. *See Payne v. Novartis Pharm. Corp*., 767 F.3d 526, 530 (6th Cir. 2014) ("The decisions of the Tennessee Court of Appeals 'are also viewed as persuasive unless it is shown that the state's highest court would decide the issue differently.'" (quoting *Conlin v. Mortg. Elec. Registration Sys., Inc*., 714 F.3d 355, 359 (6th Cir. 2013))).

Griffin does not address whether the wrongful-foreclosure action is an in rem or quasi in rem proceeding. Griffin's complaint in the wrongful-foreclosure action alleged that Hope and W&A violated Tennessee Code Annotated § 35-5-101(f) by failing to provide proper notice of the foreclosure sale. As relief, Griffin sought orders enjoining the defendants from evicting her or from selling or taking possession of the property, requiring the defendants to rescind the

foreclosure sales, declaring the foreclosure sales void, and requiring the defendants to reimburse her court costs and attorney's fees. To the extent that Griffin asked the court to set aside the foreclosure sales, a violation of Tennessee Code Annotated § 35-5-101(f) does not render the sale either void or voidable. *See* Tenn. Code Ann. § 35-5-106 ("Should the officer, or other person making the sale, proceed to sell without pursuing the provisions of this chapter, the sale shall not, on that account, be either void or voidable."). Griffin's action for injunctive relief is an in personam proceeding because it seeks an order directing a party "to do or refrain from doing a particular thing." *City of Newport v. Masengill Auction Co*., 19 S.W.3d 789, 795 (Tenn. Ct. App. 1999) (quoting *Gibson's Suits in Chancery* § 574 (1988)); *see Pitts v. Villas of Frangista Owners' Ass'n*, *Inc.*, No. M2010-01293-COA-R3-CV, 2011 WL 4378027, at *6 (Tenn. Ct. App. Sept. 20, 2011) (concluding that lawsuit was an in personam action because it was "not directed specifically at the property but against the defendants personally for damages and equitable relief").

Even accepting Griffin's argument that the detainer action is an in rem or quasi in rem proceeding, the wrongful-foreclosure action must also be in rem or quasi in rem for the *Princess Lida* doctrine to apply. *See Cartwright*, 751 F.3d at 761–62. Because the wrongful-foreclosure action is an in personam proceeding, the district court had subject-matter jurisdiction to enter judgment upon the parties' stipulation of dismissal.

Accordingly, we **AFFIRM** the district court's judgment.